SARAH O. THURSTON, petitioner.

Norfolk.    November 10, 1891. — November 18, 1891.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Trust — Voluntary Settlement — Termination of Trust.*

If a married woman, in order to place her property beyond her husband's interference or control, voluntarily conveys it, without reserving any power of revocation, to a trustee to hold in trust for her during life, and upon her death according to her appointment by will, and, failing such appointment, for her issue, her children have a beneficial interest in the trust fund, and she is not entitled, without such children's consent, after obtaining a divorce from her husband, to have the trust terminated.

PETITION, filed in the Superior Court, for the termination of a trust.    The case was heard by *Barker*, J., and was as follows.

The petitioner, who was formerly the wife of one Billings, for the purpose of placing her property beyond the interference or control of her husband, purchased from her own earnings a lot of land, and had it conveyed by the grantor to a trustee to hold in trust, without any power to revoke the same reserved in the trust deed, for her for her life, and upon her death as she might by will appoint, " and in default of such appointment to the issue of said Sarah O. Billings, by right of representation,

equal shares, and if she shall die without having exercised her power of appointment herein reserved to her, and without leaving issue then surviving, then unto the heirs of her the said Sarah O. Billings." Since the execution of the trust deed, the petitioner has been divorced from her former husband, and has married one Thurston, and the purposes for which the trust was created no longer exist. By her first marriage she had three children, all of whom were minors at the date of the hearing. The trustee, who had converted the land into money, gave his assent to the petition. The judge dismissed the petition, on the ground " that other children of the petitioner may be born, who, in default of appointment by her last will and testament, would, with any other of her issue, take the trust fund upon her decease, and that her children now living are minors, and have no power to make assent to the prayer of said petition upon which the court can act"; and the petitioner appealed.

*J. J. Feely*, for the petitioner.

LATHROP, J. The general rule in this Commonwealth undoubtedly is that a voluntary settlement, which is completely executed, with no power of revocation reserved, cannot be revoked or set aside, except upon proof of mental incapacity, mistake, fraud, or undue influence. *Hildreth* v. *Eliot*, 8 Pick. 293. *Viney* v. *Abbott*, 109 Mass. 300. *Sewall* v. *Roberts*, 115 Mass. 262.

Where, however, "the whole objects and purposes of the trust have been accomplished, the interests created under it have all vested, the parties request it, and the trustee consents," a court of equity may decree the determination of the trust. Hoar, J., in *Bowditch* v. *Andrew*, 8 Allen, 339. See also *Smith* v. *Harrington*, 4 Allen, 566; *Inches* v. *Hill*, 106 Mass. 575; *Stone, petitioner*, 138 Mass. 476; *Gannon* v. *Ruffin*, 151 Mass. 204.

The case at bar falls within the rule, and not within the exception. The children of the petitioner have a beneficial interest in the trust fund, and they have not assented to the termination of the trust.

The petitioner contends that, where no motive exists for not inserting a power of revocation, the absence of such power is *prima facie* evidence of a mistake. But if she had retained such a power it would have defeated the object of the settlement, which was, as she alleges, to place the property beyond the

interference or control of her then husband.  *Keyes* v. *Carleton*, 141 Mass. 45.

The decree of the justice of the Superior Court dismissing the bill must be                                *Affirmed.*