**STRATTON et al. v. UNITED STATES.**

**No. 3118.**

District Court, D. Massachusetts.

Aug. 4, 1930.

G. Philip Wardner, of Boston, Mass., for plaintiffs.

Frederick H. Tarr, U. S. Atty., of Gloucester, Mass., and J. Duke Smith, Asst. U. S. Atty., of Boston, Mass.

MORTON, District Judge.

The language of the act plainly includes the property which was taxed,[1] so the question is whether any sufficient reason appears for not giving the statute its literal scope. Several reasons are suggested by the plaintiffs: (1) That the powers in question were created long before the passage of the act, most of them before the adoption of the constitutional amendment on which the act rests, and that to include such powers within the purview of the statute is to give it a retroactive effect, something not to be done unless explicitly stated; (2) that by the law of Massachusetts (where all parties resided) the property affected by the powers did not constitute a part of the decedent's estate; that the basic plan of the act is to tax the devolution of net estates, and that the act is not to be so applied as to violate this fundamental purpose; (3) that it would be unconstitutional for Congress to attempt to tax, as part of the estate of a Massachusetts decedent, property which in fact was not a part of the estate.

None of these objections seems to me sound as applied to the present case. The precise nature, legally speaking, of property subject to a power of appointment lends itself to much refinement of legal analysis, into which it is unnecessary to enter. Mrs. Sargent had the income of this property for her life and the power to dispose of it after her death. If she had had the right to dispose of it during her lifetime, she would have had complete ownership. Her exercise of the powers subjected the property to her debts.

In saying that property over which a decedent had so nearly full ownership should, for purposes of taxation, be regarded as part of her estate, I do not think that Congress can be said to have acted unreasonably or arbitrarily. It was a practical question, and Congress had the right to deal with it in a practical way. See Tyler v. U. S. (May 19,

[1] "That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated * * * (e) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will," etc. Revenue Act 1921, § 402 (42 Stat. 278, 279).

1930), 281 U. S. 497, 50 S. Ct. 356, 74 L. Ed. 991. In theory, the logic of the Massachusetts decisions is unescapable; Mrs. Sargent was never the full legal owner of the property subject to the powers, and it never, strictly speaking, became part of her estate. See U. S. v. Field, 255 U. S. 257, 41 S. Ct. 256, 65 L. Ed. 617, 18 A. L. R. 1461. But in determining to what extent the succession tax should be imposed, Congress was not absolutely restricted to the legalism of the state courts. Within limits not exceeded in this case, it might disregard their views and impose its own principles of assessment. Tyler v. U. S., supra.

Congress having adopted the view that property affected by powers of this character should be taxed as part of the donee's estate, I do not see that the date when the power was created, whether before the passage of the act or after it, is of decisive significance, nor that the act can properly be regarded as retroactive because it taxes such property without regarding the date when such power was created. Reinecke v. Northern Trust Co., 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410; Fidelity-Philadelphia Trust Co. v. McCaughn, 34 F.(2d) 600 (C. C. A. 3).

For these reasons, which might, of course, be greatly elaborated, I am of the opinion that the tax was rightly assessed.

Judgment is for defendant.

