## McCAUGHN v. CARNILL.
### No. 4113.

Circuit Court of Appeals, Third Circuit.

Aug. 13, 1930.

George W. Coles, U. S. Atty., and Mark Thatcher, Asst. U. S. Atty., both of Philadelphia, Pa. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and W. T. Sabine, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellant.

Joseph L. McAleer, of Philadelphia, Pa., for appellee.

Leslie D. Dawson and Raymond M. White, both of New York City, amici curiæ.

Before BUFFINGTON and DAVIS, Circuit Judges, and THOMSON, District Judge.

DAVIS, Circuit Judge.

This is an appeal from a judgment of the District Court holding that a trust fund of $1,753,077.66 was a part of the gross estate of its founder, William Carnill, deceased.

William Carnill, a resident of Montgomery county, Pa., on August 13, 1920, created an indenture of trust between himself and his wife, Zelia Gross Carnill, of the first part, and the Land Title & Trust Company, Anson E. Carnill, and Sadie C. Waller, as trustees, of the second part. Pursuant to this indenture agreement, Mr. Carnill transferred to the trustees certain securities which at his death on July 10, 1925, were worth $1,753,-077.66. The trustees were to collect the income from the securities and after payment of all necessary taxes, charges, and expenses, pay over the net income to Mr. Carnill, the founder, during the term of his natural life, and upon his death, pay the income to his widow, Zelia G. Carnill, for and during her natural life. After the death of both William Carnill and his wife, Zelia G. Carnill, the trustees were to pay the net income of the trust securities to his son, Anson E. Carnill, and his daughter, Sadie C. Waller, share and share alike, during their lives with remainders over not material to this case.

After the death of William Carnill, on July 10, 1925, his widow, Zelia G. Carnill, had his will probated and she was appointed executrix of his estate. She filed a federal estate tax return, but did not include in his gross estate the trust securities valued at $1,753,077.66. On an audit and review, the Commissioner of Internal Revenue included them in the gross estate and assessed an additional tax which with interest amounted to $230,818.97 which she paid under protest on September 30, 1927. She filed a claim for refund which was rejected. She thereupon brought this suit against the collector in the District Court to recover the taxes thus paid. The collector in his answer raised points of law in the nature of a statutory demurrer which was overruled and judgment was entered for the plaintiff and the defendant appealed to this court.

Section 302 of the Revenue Act of 1924 provides that:

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated— * * *

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for a fair consideration in money or money's worth. * * *

"(d) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for a fair consideration in money or money's worth." 43 Stat. 304 (26 USCA § 1094 note).

■■ The donor retained no power, alone or in conjunction with any other person, to alter, amend, or revoke the trust. The further question arises as to whether or not this trust was created in contemplation of the death of the donor, or was intended to take effect in possession or enjoyment at or after his death.

The statute imposes "an excise upon the transfer of an estate upon death of the owner." Y. M. C. A. v. Davis, 264 U. S. 47, 50, 44 S. Ct. 291, 292, 68 L. Ed. 558; Nichols v. Coolidge, 274 U. S. 531, 537, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081. It was the corpus of this fund which was included in the gross estate of the donor upon which the tax was determined. The transfer of the corpus of this fund was not testamentary in character and was, as above stated, beyond recall by the donor. At his death no interest in this trust fund held under the trust instrument passed from him to the living. The transfer had already been made and title thereto had been definitely fixed by the trust deed. In the case of Reinecke v. Northern Trust Company, 278 U. S. 339, 347, 49 S. Ct. 123, 125, 73 L. Ed. 410, Mr. Justice Stone speaking for the court said:

"One may freely give his property to another by absolute gift without subjecting himself or his estate to a tax, but we are asked to say that this statute means that he may not make a gift inter vivos, equally absolute and complete, without subjecting it to a tax if the gift takes the form of a life estate in one with remainder over to another at or after the donor's death. It would require plain and compelling language to justify so incongruous a result and we think it is wanting in the present statute."

On the authority of this case and May v. Heiner, 281 U. S. 238, 50 S. Ct. 286, 287, 74 L. Ed. 826, a person may make an absolute gift of his property, and require the net income therefrom to be paid to him during his life without subjecting it to the tax in question unless there is to the contrary plain and compelling language which the present statute does not contain. Counsel for the collector suggests that the May Case does not control the decision in the instant case because the donor retained for his life the entire beneficial enjoyment of the property conveyed in trust and the enjoyment thereof could pass from him only at or after his death.

This fact, it seems to us, does not distinguish the cases in principle. There is no difference in law between retaining the entire or only a part of the income from the property. Mrs. May gave the net income from the trust estate to her husband for his life, and in case she survived him, the income was to be paid to her during her life with remainder over. In that event, the legal status of the estate in both cases would be the same. The court in the May Case said:

"The record fails clearly to disclose whether or no Mrs. May survived her husband. Apparently she did not. But this is not of special importance, since the refund should have been allowed in either event."

We, accordingly, do not think that the trust was created in contemplation of death; that it was intended to take effect in possession or enjoyment at or after the death of the donor. The judgment of the District Court is therefore affirmed.