**ERSKINE et al. v. WHITE, Collector of Internal Revenue.**

No. 4272.

District Court, D. Massachusetts.

Oct. 1, 1930.

766

Merrill S. June and George Avery White, both of Worcester, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and J. Duke Smith, Sp. Asst. to U. S. Atty., both of Boston, Mass., for defendant.

MORTON, District Judge.

This is an action to recover back certain estate taxes collected from the estate of Abbie S. Day, deceased. The taxes were assessed upon property held in the Abbie S. Day Trust; and the question is whether this trust property was properly regarded as part of Mrs. Day's estate for the purposes of taxation.

The trust in question was a voluntary one established by Mrs. Day in 1908. In connection with it she transferred to the trustee substantial holdings in real estate and provided pretty specifically what the trustee should do with the income both during her life and after her death. The trust was not limited on her life; it continues beyond the lives of her children.

The present controversy is caused by the provision in the trust instrument reserving to Mrs. Day the right to alter and amend its provisions as to the disposition of the income or principal after her death. Her right to make such changes is not absolute; it is conditioned upon the assent of the trustee being given. Lacking this assent, the trust instrument was final and unchangeable.

Even with the assent of the trustee, Mrs. Day had no power to terminate, or even to shorten, the term of the trust.

The case arises under the Revenue Act of 1926, § 302, clauses (d) and (h), 26 USCA § 1094(d)(h). Clause d provides that the estate of a decedent shall be deemed to include any property "of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunc-

tion with any person, to alter, amend, or revoke." Clause h makes the foregoing provision applicable to trusts and powers created before the enactment of the taxing act.

The plaintiff contends that the statute does not reach this trust; and that, if it be construed so as to do so, it is to that extent so arbitrary and capricious as to be unconstitutional.

█ The terms of this trust bring it within the language of the statute. Mrs. Day transferred the property to the trustee; and with the assent of the trustee she had power until her death to change the enjoyment of it.

The decisive question is therefore whether the statute is constitutional. "The possibility that a federal statute passed under the taxing power may be so arbitrary and capricious as to cause it to fall before the due process of law clause of the Fifth Amendment must be conceded." Sutherland J., Tyler v. U. S., 281 U. S. 497 at page 504, 50 S. Ct. 356, 359, 74 L. Ed. 991, citing cases. It is settled that an estate tax may be levied on property not belonging to the decedent at the time of his death, if he had the power to control the enjoyment of it thereafter. Corliss v. Bowers, Collector, 281 U. S. 376, 50 S. Ct. 336, 74 L. Ed. 916; and see Stratton v. U. S. (D. C. Mass. August 4, 1930) 42 F.(2d) 779. In Reinecke v. Northern Trust Company, 278 U. S. 339, 49 S. Ct. 123, 124, 73 L. Ed. 410, 66 A. L. R. 397, property of a trust which had been established by the decedent was taxed as part of his estate, upon the ground that his reserved right "to alter, change or modify the trust" put the property within his control. This reserved right could not, however, under the terms of the trust, be exercised by the settlor without the assent of the existing beneficiaries. It was held that: "Since the power to revoke or alter was dependent on the consent of the one entitled to the beneficial, and consequently adverse, interest, the trust, for all practical purposes, had passed as completely from any control by decedent which might inure to his own benefit as if the gift had been absolute," Stone, J., 278 U. S. 346, 49 S. Ct. 123, 125, 73 L. Ed. 410, 66 A. L. R. 397; and that the property could not be taxed as part of the estate.

The only difference between that case and this is that here the settlor's right to change or amend was dependent on the assent of the trustee, instead of the beneficiaries. It is argued for the government that the trustee cannot be regarded as an "adverse interest," and that therefore the Reinecke

Case does not apply. The principles on which the trustee would have acted in giving or withholding assent are not very certain; but it certainly owed duties to other parties interested in the trust besides the settlor, and it might well have declined to assent to proposed changes which it thought unfair to them or inspired by improper motives. It was not a mere rubber stamp; its judgment was required, and its assent might have been refused as well as given.

This being so, I think that the principle of the Reinecke Case applies to the present one, and that the property in question could not legally be taxed as part of Mrs. Day's estate. I reach this conclusion more readily because the Reinecke Case states a definite principle which can be easily applied, and it seems to me most undesirable to introduce fine spun distinctions into administrative law when they can be avoided.