**BRADY et al. v. HAM.**

No. 2459.

Circuit Court of Appeals, First Circuit.

Nov. 26, 1930.

John E. Wilson, of Augusta, Me., and Dudley B. Wallace, of Springfield, Mass. (William Tudor Gardiner, of Augusta, Me., on the brief), for appellants.

Percia E. Miller, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., and Frederick R. Dyer, U. S. Atty., and William B. Nulty, Asst. U. S. Atty., both of Portland, Me. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellee.

White & Case, of New York City (Russell D. Morrill, Henry Mannix, and A. C. Newlin, all of New York City, of counsel), amici curiæ.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

WILSON, Circuit Judge.

This is an action to recover the sum of $5,173.69 of the collector of internal revenue for the district of Maine, collected of the executrices of the estate of the late Elizabeth S. Haynes as a federal estate tax. The controversy arose over the right of the Commissioner of Internal Revenue to include as a part of the gross estate of the decedent certain funds held by the decedent and one Robert H. Gardiner under a declaration of trust made May 16, 1911, for the benefit of certain named beneficiaries, viz., her two daughters.

At the time the trust was created the fund amounted to $25,000. By reason of additions thereto by the decedent, which under the terms of the trust she reserved the right to make at any time, the value of the trust fund at the date of her death was $100,641.79.

The declaration of trust provided that the income of the trust fund should be paid quarterly in equal shares to her two daughters, and in case of the death of either before the termination of the trust, the share of the income to which the deceased daughter was entitled should be paid to her issue, if any, and if no issue, the entire income was to be paid to the survivor.

The declaration of trust further provided that at the end of twenty-one years after the death of the survivor of the two daughters of the decedent and a third person named in the declaration of trust, the principal of the trust fund was then to be distributed among such persons as would be entitled to receive it under the intestate laws of Maine as if the decedent had died intestate possessing it in her own right.

The provisions of the declaration of trust which gave rise to this action reads as follows:

"Said Elizabeth S. Haynes shall have full power to make any additions to the trust property and to change and alter any or all of the trusts herein set forth, to name any beneficiaries other than those above named *except herself*, whether by way of addition or substitution, and to appoint another trustee or other trustees at any time either by way of addition or substitution for the trustee or trustees at any time acting. Any such change, alteration or appointment shall be made by her deed and shall take effect immediately upon the delivery thereof to any one not herself who shall at the time be acting as a trustee hereunder, or if she be the sole trustee upon her execution thereof." (Italic ours.)

The declaration also contained other provisions as to the powers of the trustees over the sale of securities and the investment of the trust fund, and for the removal or resignation of trustees and the substitution of successors, which, however, has no bearing on the issues in this action.

Elizabeth S. Haynes died February 23d, 1925, having made but one alteration in the terms of the trust to provide for an entire failure of issue.

Section 302 of the Revenue Act of 1924 (26 USCA § 1094 note) and 1926 (26 USCA § 1094) provided that:

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated. * * *

"(d) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for a fair consideration in money or money's worth. * * *

"(h) Subdivisions (b), (c), (d), (e), (f), and (g) of this section shall apply to the transfers, trusts, estates, interests, rights, powers, and relinquishment of powers, as severally enumerated and described therein whether made, created, arising, existing, exercised or relinquished before or after the enactment of this act."

By the terms of section 302(d) and (h) the trust fund created by the decedent might seem to have been properly included in the gross estate of the decedent; but it is urged that, under the decisions of the Supreme Court hereinafter cited, the provisions of subdivision (d) of section 302 should not be construed to apply to the trust created by the decedent, and if subdivisions (d) and (h) were held to apply, the result would be so arbitrary and capricious as to render this part of the statute unconstitutional.

At the outset it is agreed that the tax here assessed is an estate or transfer tax and not a succession tax; that is, it is an excise tax on the right to transfer property to another at death and not on the right to receive it by the beneficiary. Knowlton v. Moore, 178 U. S. 41, 56, 20 S. Ct. 747, 44 L. Ed. 969; Edwards v. Slocum, 264 U. S. 61, 44 S. Ct. 293, 68 L. Ed. 564; Saltonstall v. Saltonstall, 276 U. S. 260, 48 S. Ct. 225, 72 L. Ed. 565.

When a decedent prior to his death has made an absolute transfer of his property in trust for the beneficiaries named, even though it does not become irrevocably vested in the beneficiaries until the death of the decedent, it is not subject to an estate or transfer tax. Reinecke v. Northern Trust Co., 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397; Nichols v. Coolidge, 274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081; Saltonstall v. Saltonstall, 276 U. S. 260, 48 S. Ct. 225, 72 L. Ed. 565. Any act of Congress, therefore, undertaking to impose an excise tax in the form of a death or transfer tax on property absolutely transferred prior to the death of the decedent, would be so arbitrary and capricious as to render so

much of the act unconstitutional. Nichols v. Coolidge, supra, page 542 of 274 U. S., 47 S. Ct. 710; Reinecke v. Northern Trust Co., supra; Brushaber v. Union Pac. R. R., 240 U. S. 1, 24, 36 S. Ct. 236, 60 L. Ed. 493, L. R. A. 1917D, 414, Ann. Cas. 1917B, 713; Tyler v. United States, 281 U. S. 497, 504, 50 S. Ct. 356, 74 L. Ed. 991.

As to what constitutes a transfer of property in case of a declaration or conveyance in trust where the decedent has reserved the right to control, revoke, alter, or modify the terms of the trust, has been the subject of consideration by the Supreme Court in the recent cases of Nichols v. Coolidge, supra; Saltonstall v. Saltonstall, supra; Chase National Bank et al. v. United States, 278 U. S. 327, 49 S. Ct. 126, 127, 73 L. Ed. 405, 63 A. L. R. 388; Reinecke Northern Trust Co., supra; May v. Heiner, 281 U. S. 238, 50 S. Ct. 286, 74 L. Ed. 826, 62 A. L. R. 1244.

The government in the instant case relies on language found in Knowlton v. Moore, 178 U. S. 49, 20 S. Ct. 747, 751, 44 L. Ed. 969, in support of its contention: "What it taxes is not the interest to which some person succeeds on a death, but the interest which ceased by reason of the death." And in Chase National Bank v. United States, supra: "The precise question presented is whether the termination at death of that power and the consequent passing to the designated beneficiaries of all rights under the policies freed of the possibility of its exercise may be the legitimate subject of a transfer tax." And also in the same case: "The power to tax * * * cannot be controlled by the mere choice of the formalities which may attend the donor's bestowal of benefits on another at death, or of the particular methods by which his purpose is effected, so long as he retains control over those benefits with power to direct their future enjoyment until his death."

The language quoted, however, must be taken in connection with the facts of the case and the context immediately preceding and following it.

The Chase National Bank Case involved insurance policies made payable to the wife of the insured, but under which the insured retained the right to change the beneficiaries at will. The court held that inasmuch as he could cancel the policies at any time, pledge them for loans, and dispose of them and their proceeds for his own benefit during his lifetime, which subjected them to the control of the bankruptcy courts for the benefit of creditors, and under a local law they were in part subject to the payment of his debts, he retained such a control over the disposition of the proceeds for his own benefit, though he never exercised the power in his own interest, that the termination of such a power of control brought about at his death "the completion of that shifting of the economic benefits of property which is the real subject of the tax."

The test above suggested in the Chase National Bank Case is more clearly laid down in the case immediately following it, Reinecke v. Trust Co., 278 U. S. 339, on page 346, 49 S. Ct. 123, 125, 73 L. Ed. 410, 66 A. L. R. 397, the same judge writing the opinion in both cases, in which the court said: "Nor did the reserved powers of management of the trusts save to decedent any control over the economic benefits or the enjoyment of the property. He would equally have reserved all these powers and others had he made himself the trustee, but the transfer would not for that reason have been incomplete. The shifting of the economic interest in the trust property which was the subject of the tax was thus complete as soon as the trust was made. His power to recall the property and of control over it for his own benefit then ceased and as the trusts were not made in contemplation of death, the reserved powers do not serve to distinguish them from any other gift inter vivos not subject to the tax."

▮ The test, therefore, is whether the donor or decedent has reserved to himself control over the economic benefits or enjoyment of the trust property. If the economic benefits passed under the trust deed from the decedent's control beyond recall, there can be no transfer tax.

As the court said in May v. Heiner, 281 U. S. 238, 50 S. Ct. 286, 287, 74 L. Ed. 826, 62 A. L. R. 1244: "At the death [of the decedent] no interest in the property held under the trust deed passed from her to the living." So in the case of the decedent in the instant case, the title thereto had been definitely fixed by the trust deed. She could not take it back, either directly or indirectly.

The decedent, Elizabeth S. Haynes, by her declaration of trust expressly deprived herself of the enjoyment of all economic benefits in the trust estate. While she might control the final disposition of it so far as the beneficiaries were concerned, she could not restore to herself any beneficial enjoyment of it. She reserved no power of revocation as in the first "two trusts" in the Reinecke Case. Bath Sav. Institution v. Hathorn, 88 Me. 122,

33 A. 836, 32 L. R. A. 377, 51 Am. St. Rep. 382; Keyes v. Carleton, 141 Mass. 45, 49, 6 N. E. 524, 55 Am. Rep. 446; Thurston, Petitioner, 154 Mass. 596, 29 N. E. 53, 26 Am. St. Rep. 278; Sands v. Old Colony Trust Co., 195 Mass. 575, 577, 81 N. E. 300, 12 Ann. Cas. 837. So far as any economic benefits of the trust estate were concerned, they passed to the trustees at the time of the execution of the declaration of trust. The enjoyment of them may not have been definitely settled on the beneficiaries until her death, and the beneficiaries may have been subject to a succession tax, but the right of enjoyment of any economic benefits thereof irrevocably passed from the decedent in 1911. To hold that such property was subject to a transfer tax would amount to what the Supreme Court had termed in the above-cited cases as an arbitrary and capricious exercise of legislative power.

This test established by the Supreme Court has been since followed in the Circuit Court of Appeals in the Third Circuit in McCaughn v. Carnill, 43 F.(2d) 69, and in the District Court for the District of Massachusetts in Erskine et al. v. White, 43 F.(2d) 765, decided October 1, 1930.

The judgment of the District Court is reversed, and the case is remanded to that court with directions to enter judgment for the plaintiffs for the amount of the tax in question.

ANDERSON, Circuit Judge (concurring).

In Judge WILSON'S opinion it is stated:

"The test, therefore, is whether the donor or decedent has reserved to himself control over the economic benefits or enjoyment of the trust property. If the economic benefits passed under the trust deed from the decedent's control beyond recall, there can be no transfer tax."

This grounds the power to tax on beneficial interest. In Hill v. Commissioner (C. C. A.) 38 F.(2d) 165, 168, and in Pope v. Commissioner (C. C. A.) 39 F.(2d) 420, 424, I unsuccessfully urged, as controlling, the same principle on my brethren, and wrote dissents. The Supreme Court, in 281 U. S. 761, 50 S. Ct. 460, 74 L. Ed. 1170, denied certiorari in the Hill Case. If and in so far (if at all) as such refusal to review may be held to warrant an inference of approval of the majority views in that case, my dissent is held wrong. But, in the absence of explicit holding by that court that beneficial interest is not, in general, the test of taxability, I concur in reversing the decision below.

My doubt as to the ultimate holding of the Supreme Court is increased by the expressions of that court in Tyler v. United States, 281 U. S. 497, 50 S. Ct. 356, 74 L. Ed. 991. In that case, it was ruled that property held by husband and wife by an estate in the entirety was taxable as a part of the deceased husband's estate. The basis of the holding was that only the husband's death gave the wife the power to hold the estate *absolutely* as her own, including the power of disposal; that his death was "the generating source" of important and definite accessions to her property rights.

So in the case at bar: The rights of the beneficiaries under the trust were, until Mrs. Haynes' death, absolutely subject to be changed or destroyed under the power reserved by her. She could do practically *anything* with that trust fund except apply its economic benefits to herself. Her death "ripened" their property rights. 281 U. S. 503, 50 S. Ct. 356, 74 L. Ed. 991.

If a power to alter and divert, absolutely divorced from economic benefits to the holder of the power, is not taxable, our decision is right. But I record my doubt as to what the Supreme Court will ultimately hold on that question.