**SARGENT et al. v. WHITE, Collector.**

**No. 4070.**

District Court, D. Massachusetts.

Dec. 16, 1930.

80

Gaston, Snow, Saltonstall & Hunt, of Boston, Mass., for plaintiffs.

Frederick H. Tarr, U. S. Atty., and J. Duke Smith, Sp. Asst. to U. S. Atty., both of Boston, Mass., for defendant.

MORTON, District Judge.

This is an action to recover back a tax paid on the estate of Frank W. Remick, deceased. The facts are stipulated and may be briefly stated as follows:

Mr. Remick transferred to trustees in 1921 certain property to be held in trust during the joint lives of himself and his wife. On the death of either, the trust terminated and the survivor took the property. The income during the continuance of the trust was either to be paid to Mr. Remick, or accumulated and added to the fund, as the trustees in their absolute discretion might determine. Mr. Remick died on October 16, 1926. His wife who survived him took the fund. The whole amount of it at the time of his death was taxed as part of his estate. The questions are (1) whether any of the fund was so taxable; if so (2) whether the whole fund was taxable.

Except for the provision permitting the trustees to accumulate income, the trust was in effect a conveyance for the benefit of the settlor himself for life, with remainder to his wife in fee if she should survive him, and an immediate reversion to himself in fee on her death if he survived. That such an arrangement would leave the property taxable as part of his estate was expressly decided upon a full review of the authorities in Commissioner v. Morsman, Adm'r. (C. C. A. 8th) 44 F.(2d) 902. It seems clear that a valuable beneficial interest in the fund was passed along by Mr. Remick's death. Any other view would leave the whole scheme of the statute wide open to the easiest evasion. The plaintiff's contention that the tax does not apply, "unless the decedent retained a transmissible and devisable interest in the property up to the time of his death," is too narrow and contrary to authoritative decisions.

Tyler v. U. S., 281 U. S. 497, 50 S. Ct. 356, 74 L. Ed. 991; May v. Heiner, 281 U. S. 238, 50 S. Ct. 286, 74 L. Ed. 826, 62 A. L. R. 1244, relied on by the plaintiff, is clearly distinguishable. There the settlor gave the life interest to her husband and reserved to herself nothing except a contingent reversion; the conveyance completely divested her of legal and beneficial interest in the property. In Brady v. Ham, Collector (C. C. A. 1st) 45 F.(2d) 454, November 26, 1930, it is said: "The test, therefore, is whether the donor or decedent has reserved to himself control over the economic benefits or enjoyment of the trust property." Wilson, J.

The difficulty in the present case arises from the fact that the trustees had discretion not to pay the income to Mr. Remick, but to withhold and accumulate it. That Mr. Remick had no right to insist on the income is clear. But he left it within the power of the trustees to pay the income to him if they chose to do so. The likelihood that trustees selected by the settlor of a voluntary trust like this would exercise their discretion in his favor, if he so requested, is so great as to constitute, in fact, a substantial beneficial interest in the fund, although not of strictly legal or equitable character. This interest was terminated by his death, just as his life estate was terminated; and the termination freed the property for the benefit of the remainderman. Remick's death had, as was said in Tyler v. U. S., supra, "the effect of passing to the survivor substantial rights, in respect of the property, theretofore never enjoyed by such survivor. * * * Thus the death of one of the parties to the tenancy became the 'generating source' of important and definite accessions to the property rights of the other." Sutherland, J., 281 U. S. pages 503 and 504, 50 S. Ct. 356, 359, 74 L. Ed. 991.

The language of the statute clearly authorized the tax. Applying the statute according to its literal provisions does not lead to such an arbitrary and capricious result in this case as to make it unconstitutional. In other words, Congress might fairly say that property which the owner transferred to other parties, reserving a substantial benefit to himself for life, should be regarded at his death as part of his estate for purposes of taxation.

The final question is whether the whole fund was taxable, or only part of it. Remick had no power to alter the provisions of the trust after he had established them. All rights in the property transferred were fixed

by the trust instrument. To the extent to which the interest in the fund was thereby given to Mrs. Remick, Remick's ownership of it ceased. At most he had no legal right to more than the income during his wife's life. But his interest while it lasted extended to the entire fund, and his death passed on the entire fund to her freed of this interest. I am therefore of opinion that the entire fund was properly taxed. Commissioner v. Morsman, supra.

Judgment for defendant.