**WHITE v. ERSKINE et al.**

No. 2527.

Circuit Court of Appeals, First Circuit.

Feb. 11, 1931.

J. Duke Smith, Sp. Asst. to U. S. Atty., of Boston, Mass., and Percia E. Miller, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., and C. M. Charest, Gen. Counsel Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellant.

Merrill S. June, of Worcester, Mass. (George Avery White, of Worcester, Mass:, on the brief), for appellees.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

WILSON, Circuit Judge.

In 1908, and long before any act of Congress imposing a tax upon the transfer of property at death, Abbie F. Day conveyed to the Worcester Trust Company of Worcester in the Commonwealth of Massachusetts, a large estate to be held in trust and the income paid in part to herself during her lifetime and part to her children or issue of any deceased child.

The only part of said trust instrument involved in this case is a provision by which the grantor, Mrs. Day, reserved the right, with the written assent and approval of the trustee, to alter and change the provisions of said trust, but only in so far as they relate to the payment and distribution of the income and principal. She could not, even with the consent of the trustee, make any alteration by which the terms of the trust should be abridged, or the period for distribution be advanced.

The total value of the property in the hands of the trustee at her death was included by the commissioner in her gross estate, and the transfer tax provided for under sections 301, 302, and 303 of Act Feb. 26, 1926, chapter 27, 44 Stat. 69, 70 (26 USCA §§ 1092–1095), was imposed and paid by the administrators. A claim for refund was denied, and suit was brought in the District Court, and judgment was awarded to the plaintiff, and appellee here.

The case turns on the construction of sections 301 and 302 of chapter 27 above cited. Section 301 in express terms imposes a tax only on the "transfer of the net estate" of a decedent. The Supreme Court said in Reinecke v. Trust Co., 278 U. S. 339, 347, 49 S. Ct. 123, 125, 73 L. Ed. 410, 66 A. L. R.

397: "In its plan and scope the tax is one imposed on transfers at death or made in contemplation of death and is measured by the *value at death of the interest which is transferred.*" (Italics supplied.) A construction approved in May v. Heiner, 281 U. S. 238, 244, 50 S. Ct. 286, 74 L. Ed. 826, 62 A. L. R. 1244.

Sections 302 and 303 (26 USCA §§ 1094, 1095) merely provide how the net estate shall be determined. Section 302 defines what property shall be included in the gross estate of a decedent; and section 303 what deductions may be made in determining the value of the net estate.

Section 302 provides: "The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated. * * * *"

Then follow subdivisions (a), (b), (c), (d), (e), (f), and (g) of section 302, defining the property that may be included in the gross estate for the purpose of arriving at its value.

In (a) it is expressly limited to the extent of the interest therein of the decedent at the time of his death. This limitation in view of the nature of the tax, viz., a tax on the right to transfer property at death, must, in view of the opening words of each subdivision, be applied throughout the section. In other words, if there is no property or beneficial interest in property passing from the decedent at death, there can be no tax under this act.

This construction has been placed on this and similar acts by the Supreme Court so far as it has been called on to construe them (Knowlton v. Moore, 178 U. S. 41, 49, 20 S. Ct. 747, 44 L. Ed. 969; New York Trust Co. v. Eisner, 256 U. S. 345, 41 S. Ct. 506, 65 L. Ed. 963, 16 A. L. R. 660; Y. M. C. A. v. Davis, 264 U. S. 47, 50, 44 S. Ct. 291, 68 L. Ed. 558; Edwards v. Slocum, 264 U. S. 61, 44 S. Ct. 293, 68 L. Ed. 564; Nichols v. Coolidge, 274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081; Chase National Bank et al. v. United States, 278 U. S. 327, 49 S. Ct. 126, 73 L. Ed. 405, 63 A. L. R. 388; Reinecke v. Northern Trust Co., 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397); which construction has been followed in the Circuit Court of Appeals in Frew v. Bowers, 12 F.(2d) 625; Crooks v. Loose, 36 F.(2d) 571; McCaughn v. Carnill, 43 F.(2d) 69; and by this court in Brady v. Ham, 45 F.(2d) 454, decided November 26, 1930; also in the Fourth Circuit in Leser, Executrix, v. Burnet, Com. (C. C. A.) 46 F.(2d) 756, decided January 13, 1931.

The government now contends in effect that by subdivision (d) Congress has undertaken to impose a new form of excise tax, viz., a tax on the power to alter or revoke before death a trust created by the grantor, whether the power be of a general or limited nature. We do not think Congress intended by the addition of subdivision (d) to add a new form of tax. It was only "to the extent of the interest" of the decedent in the trust fund, and at his death, that subdivision (d) adds anything to the value of the gross estate. If the decedent had no beneficial interest in the trust fund at his death, under the construction of the Supreme Court in the above-cited cases, there was nothing transferred from him at death within the meaning of section 301, which imposes the tax.

The report of the Committee to the House of Representatives, 68th Congress, Rep. 770, p. 65, with reference to the purpose of the addition of subdivision (d), clearly indicated the intent of Congress, and is in harmony with section 301 and the other subdivisions of section 302.

The committee's report was as follows: "This provision is in accord with the principle of Sec. 219(g) of the bill which taxes to the grantor the income of *revocable trusts.*" (Italics supplied.)

In other words, where a grantor, either alone or in conjunction with anyone not a beneficiary under the trust, has retained "the power to revest in himself title to any part of the trust," to quote from section 219(g), then the body of the trust at the death of the decedent may be included in the value of the gross estate; but where the decedent has no such power except by the consent of an adverse party as one of the beneficiaries, or as in this instance of the trustee for the beneficiaries, the right of revocation is gone from the donor and also all beneficial interest for taxing purposes under section 301 of the act.

To hold that Congress under subdivision (d) intended under the guise of a tax on the transfer of property at death to impose a tax solely on a limited power of alteration of a trust, or a limited power of appointment under it, would be contrary, not only to the spirit of the act, but the express terms of section 301, Leser, Executrix, v. Burnet, Com., supra; Fidelity-Phila. Trust Co. v. McCaughn (C. C. A.) 34 F.(2d) 600,

604, and so doubtful a construction that the contrary intent should be resolved in favor of the taxpayer, Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211.

We are not quarrelling with the power of Congress to impose other forms of excise taxes than an estate tax, but are of the opinion such was not the intent of Congress in inserting subdivision (d) in section 302 of title 3 of the Income Tax Act of 1924 (26 USCA § 1094 note).

The judgment of the District Court is affirmed.