EDWARD J. SKILLIN AND DAVID H. SKILLIN, BOTH INFANTS UNDER

THE AGE OF TWENTY-ONE YEARS, BY ELEANOR Y. SKILLIN,

THEIR GUARDIAN, PLAINTIFFS

*vs.*

HOWARD N. SKILLIN, INDIVIDUALLY AND AS TRUSTEE UNDER DEED

OF TRUST FROM HARRIET D. SKILLIN, AND

HARVEY T. SKILLIN, DEFENDANTS.

Cumberland.     Opinion, March 15, 1935.

*Cook, Hutchinson, Pierce and Connell,*
*Carnahan, Slusser & Mitchell,* for plaintiffs.
*William B. Mahoney,*
*John B. Thomes,* for defendants.

SITTING: PATTANGALL, C, J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

THAXTER, J.    This bill in equity was brought to compel the defendant, Howard N. Skillin, as trustee, to carry out the terms of a trust as set forth in an instrument executed by Harriet D. Skillin on or about June 21, 1930. The facts are not in dispute, and by agreement of the parties the case is reported to this court.

By the terms of this indenture the settlor transferred to her son, Howard N. Skillin, in trust certain securities to which she became entitled under the will of her husband. The provision around which the present controversy centers is in the following language:

"The same to be held by said trustee or his successor IN TRUST to pay the income of said trust, of such part of the principal thereof as he may see fit, to me in my lifetime and upon my decease to pay one-third of the principal and income remaining to Harvey T. Skillin of Seattle, Washington, to pay one-third of said principal and income remaining in equal shares to Edward J. Skillin and David H. Skillin of Wilmette, Illinois, children of my son, Clarence P. Skillin and to pay the remaining one-third of said principal and income remaining to Howard N. Skillin himself individually."

There is a further clause which states that "the trust herein created shall be irrevocable."

The plaintiffs in this action are the children mentioned above of Clarence P. Skillin.

Subsequently Mrs. Skillin executed another instrument to include such of her property as she did not receive under the will of her husband. In the residue of this the present plaintiffs do not claim to share. In the autumn of 1931 Mrs. Skillin determined to change the disposition of her property which she had made in the first trust indenture. She appears to have decided that her son, Harvey, was more in need of money than her grandchildren, the plaintiffs in this action. She consulted her attorney, who advised her that the trustee had power under the terms of the trust agreement to return to her such part of the principal as he saw fit. She accordingly requested her son, Howard, as trustee to reconvey to her the trust property; and when this was done, a new trust indenture was executed by her covering the property included in the two original trust instruments. Under the terms of this new document the balance of the trust fund was on her death to be divided between her two sons in equal shares. The present plaintiffs did not share in the residue. Shortly thereafter Mrs. Skillin died.

Certain other beneficiaries enumerated in the last two instruments, to whom were given specific amounts on the death of Harriet D. Skillin, are not made parties to this bill. It is conceded, however, that their rights are in no way affected by the construction which may be placed on the clause in the first instrument purporting to dispose of the residue.

There is no evidence that this change, under which Howard and his brother benefited, was induced by any suggestion on the part of either of them. The decision was made by their mother, and was justified in her mind by reason of changes in the finances of the respective parties. The plaintiffs, however, claim that the first trust indenture was irrevocable, that their rights under it were vested, and that the reconveyance of the trust property to the settlor was beyond the power of the trustee.

In this view we are obliged to concur. The authority of the trustee to pay the principal to his mother was not absolute. He could do so only that she might use it for her comfort and support, and for such purposes in connection therewith as might seem reasonable. *Lovett* v. *Farnham*, 169 Mass., 1, 47 N. E., 246. Though not expressly so stated, this was the evident intent. The original instrument not only contained no power of revocation but was explicitly made irrevocable. This provision would be without force or effect, if the trustee, under the discretionary power given to him, could reconvey the trust res to the donor in order that she might revoke or modify the terms of the agreement. The document must be construed as an entirety and in such manner as to give life to all its parts.

Each of these plaintiffs acquired a vested interest in the principal of this trust subject to the power of the trustee to pay to the donor such part of it for her own use as might be reasonable. These rights of the plaintiffs could be divested only with their consent. 1 Perry on Trusts and Trustees (7 ed.), Sec. 104; *Lovett* v. *Farnham*, supra; *Thurston Petitioner*, 154 Mass., 596, 29 N. E., 53; *Crue* v. *Caldwell*, 52 N. J. L., 215, 19 A., 188.

The attempt to revoke the original indenture by a reconveyance of the trust res to the donor was unavailing. The plaintiffs have properly invoked the aid of equity to enforce their rights, and the trust must be executed in accordance with the terms of the original agreement.

> *Case remanded to the sitting Justice for an accounting, and for a decree to enforce the trust as set forth in the instrument of June* 21, 1930.