Gerald G. **BOEHNER**

v.

Peter G. and Sarah K. **BRIGGS.**

Supreme Judicial Court of Maine.

Argued June 12, 1987.
Decided July 9, 1987.

Franklin M. Walker, Walker & Hagemann (orally), Damariscotta, for plaintiff.

Carol Ann Lundquist, Strout, Payson, Pellicani, Hokkanen, Strong & Levine (orally), Rockland, for defendants.

Before McKUSICK, C.J., and NICHOLS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

The plaintiff, Gerald G. Boehner, appeals from a judgment entered by the Superior Court (Knox County) in favor of the defendants, Peter G. Briggs and Sarah K. Briggs, on his two count "Complaint for Injunctive Relief and Order for Reversion of Property." In his complaint, Boehner sought to enforce a deed restriction he had placed upon the defendants' property, as its previous owner, that limited construction on the premises to "a one family dwelling." After a consolidated hearing that was agreed to by the parties, the court denied Boehner's petition for a preliminary injunction to prevent the defendants from constructing a new structure on their property, and decided in favor of the defendants that they were not in violation of the deed restriction. On appeal, Boehner contends that the Superior Court erred in its interpretation of the deed restriction. For the reasons set forth herein, we affirm.

## FACTS

The parties do not dispute the essential facts of this case.

Boehner, a permanent resident of Huppers Island, which is located near Port Clyde, purchased all but three parcels of land on that island in 1950. Between 1951 and 1980, he sold approximately 32 parcels on the island. All of the deeds for the lots contained restrictive language, not identical in all instances, generally prohibiting the construction of more than "one dwelling" or "one family dwelling" on the premises.

In 1979, the defendants, who reside in Greenwich, Connecticut, purchased property on Huppers Island from Florence Hansen. Hansen had formerly purchased the property from Boehner, and the deed from Hansen to the defendants for the property repeated the restriction that was in the deed from Boehner to Hansen. The restriction reads as follows:

The premises herein conveyed is subject to the following condition, that the Grantees, their heirs, executors, administrators and assigns, shall not erect, nor allow any person to erect more than a one family dwelling on the above described premises. In the event that the above condition is broken, the herein described premises shall revert to Gerald Boehner, his heirs and assigns.

A single-story house measuring twenty feet by forty feet was already located on the defendants' property when they purchased it. They have used the home as a summer residence. In July, 1986, however, they proceeded with construction of a new structure on the premises that generated the controversy that is the subject matter of this litigation.

Photographs admitted into evidence show the extent of the new construction. It is a free standing building with its own, separate walls, windows, doors, and roof, and is connected to the older house by a wooden deck. The interior of the new structure consists of workshop and family areas on the first floor and two bedrooms on the second floor. The defendants plan to install a bathroom in the future. Mr. Briggs testified that he planned to use the new structure to provide sleeping and recreational quarters for his twin boys and his daughter.

## DISCUSSION

In its Decision and Order, the Superior Court concluded:

[T]he restriction in the deed is clearly meant and intended to limit construction on the Island to one family dwelling units. There is no restriction on the type of architecture employed. What is clearly prohibited is the construction of multi-family dwelling houses. There is no restriction on the deed with regard to the type of architecture which can be used

by a family to provide dwelling space for that family.

Boehner contends that this is an erroneous construction of the deed restriction pertaining to the property in question. He points to the plain language of the provision in the deed, which states that "the Grantees, their heirs, executors, administrators and assigns *shall not erect, nor allow any person to erect more than a one family dwelling on the ... premises."* (Emphasis added.) Boehner argues that the Superior Court erred as a matter of law by concluding that this restriction did not apply to the Briggs' new construction because "'a' one family dwelling means a single dwelling, one structure, and not a series of buildings connected by decks or wooden walkways." [1]

■ The Superior Court's construction of the terms of the deed is a legal determination open to corrective appellate review. *See White v. Wilhelm,* 34 Wash.App. 763, 767–68, 665 P.2d 407, 410 (1983); *see also Gendron Realty v. N.J. Gendron Lumber Co.,* 519 A.2d 723, 725 (Me.1987) (construction of the term "negotiating" in real estate broker's listing agreement is question of law open to "corrective judicial review"). We give such restrictive covenants a narrow and strict construction, however, with any ambiguities being resolved in favor of less restrictive uses of the property. *See Naiman v. Bilodeau,* 225 A.2d 758, 759 (Me.1967).

■ Although Mr. Boehner's concerns are understandable, we are unable to adopt his construction of the deed restriction. He would have us construe the deed restriction to limit construction on the property to one building with four walls. The language employed does not justify such an interpretation. The deed prohibits the erection of "more than a one family dwelling on the premises." It does not restrict, limit, or control in any way the architectural design of "a one family dwelling." The record supports the Superior Court's conclusion that the new building on the property, along with the old one, amounts to no more than "a one family dwelling." The new structure does not contain any kitchen facilities to support a separate family nor a full bath. There is no evidence in the record that the new structure will house a family other than the Briggs' immediate family. In these circumstances, the Superior Court did not err in concluding that the new structure does not violate the deed restriction limiting construction on the property to "a one family dwelling."

We find no merit in Boehner's "secondary" arguments in which he claims to have been prejudiced by certain evidentiary rulings of the Superior Court.

The entry is:

Judgment affirmed.

All concurring.

---

1. Boehner presents the following hypothetical to make this point:

   [A] family with fifteen relatives could simply build fifteen houses, connect them with a wooden deck or walkway, and argue that the entire complex constituted a "one family dwelling." Such would be a clear violation of the meaning and obvious intent of the deed restriction, yet that is precisely what the Defendants/Appellees did, with only a difference in degree....

As our opinion makes clear, this hypothetical situation would be prohibited by the terms of the deed restriction limiting construction to a *one* family dwelling. Such a situation does not exist in the case at bar. There is no evidence that more than one family, Mr. and Mrs. Briggs and their children, will live in the subject premises.