2002 ME 89

**In re ROSS FAMILY TRUSTS.**

Supreme Judicial Court of Maine.

Argued: May 9, 2002.
Decided: June 4, 2002.

Jill A. Checkoway, Esq. (orally), Skelton, Taintor & Abbott, P.A., Auburn, (for Joanne Ross Ward), for appellants.

John J. Wall, III, Esq. (orally), Thomas G. Leahy, Esq., Monaghan Leahy, LLP, Portland, (for Daniel R. Donovan, conservator), David E. Hunt, Esq., Portland, (for Key Bank, trustee), Richard P. LeBlanc, Esq., LeBlanc & Young, Portland, (For Barbara T. Ross), Robert T. Smart, Esq., Needham, MA, (For John A. Ross Jr.), for appellees.

Panel: SAUFLEY, C.J., and RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

RUDMAN, J.

[¶ 1] The two minor children of Rodney E. Ross III appeal from the judgment entered in the Cumberland County Probate Court (*Childs, J.*) holding that the three trust agreements of which they are remainder beneficiaries provide for the distribution of the trust assets in accordance with the intestacy laws of the State of Maine and not, as they contend, *per stirpes*. The children argue that the express reference to *per stirpes* in a trust article directing distribution of principal takes precedence over a subsequent article defining *per stirpes* in conformity with the intestacy laws of Maine in effect at a future date. We disagree and affirm.

## I. CASE HISTORY

[¶ 2] Annie M. Ross and her sister, Florabel Ross Brigham, died without leaving any issue. Their only brother, Rodney E. Ross, had two children: Barbara Ross Brewer and Rodney E. Ross Jr. Barbara Ross Brewer died without leaving issue; Rodney Jr. had two sons: John Andrews Ross and Rodney E. Ross III. Rodney E. Ross III died leaving two children. John Andrews Ross died leaving five children.

[¶ 3] Annie M. Ross, Florabel Ross Brigham, and their niece, Barbara Ross Brewer, established trusts with substantially similar provisions.[1] Each of the trusts provided that upon the death of the last to die of Rodney E. Ross Jr. and John Andrews Ross,[2] the trusts were to terminate and the trustee "shall pay the principal and undistributed income of the trust as it shall then be constituted to the issue of such nephew then living, such issue to take *per stirpes* ...." The trust agreements also provided the following definition of *per stirpes* in a subsequent article:

> Whenever distribution is to be made to designated "issue" on a *per stirpes* basis, the property shall be distributed to the persons and in the proportions that personal property of the named ancestor would be distributed under the law of the State of Maine in force at the time stipulated for distribution if the named ancestor had died intestate at such time, domiciled in such State, not married and survived only by such issue.

The article also provided that "[t]he following provisions are applicable to each of the preceding Articles in this instrument to the extent that they are not inconsistent with any of the provisions of such preceding Articles."

[¶ 4] The Trustee of the Ross Family Trusts petitioned the Cumberland County Probate Court for construction of the trust agreements and consolidation of its motions for construction. The parties stipulated to the following facts, *inter alia:* that all three trusts contain the same disputed provisions, that the children of John Andrews Ross and Rodney E. Ross III are the only legitimate claimants to the trust, that the trust specifically provides for a *per stirpes* distribution, and that the triggering event was the death of John Andrews Ross which occurred in July 2000. In a thoughtful and well-reasoned opinion, the Probate Court held that the intent of the settlors was to provide for the remainder beneficiaries in accordance with Maine statutes governing intestacy and the assets of the trusts should be distributed *per capita* with representation by generation.

## II. DISCUSSION

■ [¶ 5] We review de novo the interpretation of documents when the trial court finds no ambiguity in the documents and declines to take extrinsic evidence. *Mellen v. Mellen,* 148 Me. 153, 157, 90 A.2d 818, 820 (Me.1952) (interpretation of trust documents); *see also Stickney v. City*

---

1. For the purposes of this case, the Annie M. Ross Trust, the Florabel Ross Brigham Trust, and the Barbara Ross Brewer Trust collectively are referred to as the Ross Family Trusts.

2. The Annie M. Ross Trust and the Florabel Brigham Ross Trust agreements provided that "[t]he trust shall terminate upon the death of the last of the following persons to die: settlor's said nephew and settlor's said grandnephew, John Andrews Ross." The Barbara

Ross Brewer Trust agreement contained a slightly different provision:

> The trust shall terminate at the death of the last of the following four persons to die: the settlor's brother, the settlor's sister-in-law, and their two aforenamed children; and the trustees shall distribute the principal and undistributed income of the trust as it shall then be constituted to the issue of the settlor's father then living, such issue to take per stirpes.

*of Saco*, 2001 ME 69, ¶ 53, 770 A.2d 592, 610 (construction of language creating easement); *Langille v. Norton*, 628 A.2d 669, 670 (Me.1993) (interpretation of wills); *Willis Realty Assocs. v. Cimino Constr. Co.*, 623 A.2d 1287, 1288 (Me.1993) (interpretation of a contract); *Boehner v. Briggs*, 528 A.2d 451, 453 (Me.1987) (construction of a deed). We interpret the plain language of trust documents reading it as a whole to give effect to intent of the settlor. *Cassidy v. Murray*, 144 Me. 326, 328, 68 A.2d 390, 391 (1949) ("that intention must be found from the language of the will read as a whole . . . ."); *Skillin v. Skillin*, 133 Me. 347, 350, 177 A. 706, 707 (1935) (A trust instrument "must be construed as an entirety and in such manner as to give life to all its parts."). "In Maine there is no judicial inclination to prefer either a *per capita* or a *per stirpes* distribution." *Murray v. Sullivan*, 158 Me. 98, 101, 179 A.2d 307, 308 (1962) (citing *Mellen*, 148 Me. at 159, 90 A.2d at 821).

■ [¶ 6] Under a strict stirpital distribution, the two children of Rodney E. Ross III each would take a quarter share and the five children of John Andrews Ross each would take a tenth share. BLACK'S LAW DICTIONARY 1164 (7th ed. 1999) (Per stirpes is defined as "proportionally divided between beneficiaries according to their deceased ancestor's share.") In contrast, under the Maine Probate Code's rules of intestate descent, providing for distribution *per capita*, each of the seven children would take a one-seventh share. 18-A M.R.S.A. §§ 2-103, 2-106 (1998).

[¶ 7] The provision of the trust defining the term *per stirpes*, as that term is used in the trust documents, creates no inconsistency with the use of *per stirpes* in a preceding article governing distribution; the definition simply directs the distributional scheme. Accordingly, the children of Rodney E. Ross III and John Andrews Ross will take in equal shares.

The entry is:

Judgment affirmed.