ELLEN S. CLARK AND O. E. HANSCOM, Aplts.
From the Decision of the Judge of Probate.

Androscoggin.    Opinion October 21, 1915.

*Beneficially Interested.        Credible Attesting Witness.        Pecuniary
Interest.    R. S., Chap. 76, Sect. 1.    Will.
Witness.*

The question is whether Florence R. Johnson, wife of a legatee under the
will of Adelbert I. Clark, was a competent attesting witness to said will.
*Held:*

1.  A wife is not a competent attesting witness to a will which contains a
devise to her husband.
2.  The term "credible" is not defined by the Statute, but as construed by the
common law means competent.
3.  If the will provides a pecuniary benefit to the attesting witness, though
dependent upon the happening of an event which may happen, he has a
beneficial interest under it in contemplation of law.
4.  If the subsequent event upon which the interest depends does not
happen, that fact does not relate back and restore competence.
5.  That Florence R. Johnson, at the time of the execution of the will, was
not a credible witness, that she was beneficially interested under the will,
and that said will is void.

On report upon agreed statement.    Judgment of Probate Court
affirmed.

This is an appeal by Ellen S. Clark and O. E. Hanscom from a
decree of the Judge of Probate disallowing and refusing to admit
to probate an instrument purporting to be the last will and testament
of Adelbert I. Clark, late of Greene, in the county of Androscoggin,
deceased.   The case was reported to the Law Court by agreement of
parties, upon an agreed statement of facts, for decision in accord-
ance with stipulations relating thereto.

The case is stated in the opinion.

*William H. Newell,* for contestants.

*Fred O. Watson,* for executor.

*George S. McCarty,* for Mary E. Clark.

SITTING:  SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

SPEAR, J. This case comes up on an agreed statement. There is, however, only one question raised, whether or not the fact that Florence R. Johnson subscribed as an attesting witness to the will of Adelbert I. Clark rendered the will void, it being admitted that Florence R. Johnson was the wife of William M. Johnson, a devisee named in the will. R. S., Chapter 76, Section 1, provides as follows: "Any person of sound mind, and of the age of twenty-one years, may dispose of his real and personal estate by will, signed by him, or by some person for him at his request, and in his presence, and subscribed in his presence by three credible attesting witnesses, not beneficially interested under said will."

(1) Was Florence R. Johnson, at the time of the execution of the will, a credible witness? The term "credible" is not defined by the statute, but as construed by the common law means competent. Castine Church, Appellant, 91 Maine, 416. Under R. S., Chapter 84, Section 107: "No person is excused or excluded from testifying in any civil suit or proceeding at law, or in equity, by reason of his interest in the event thereof as party or otherwise, except as here-inafter provided, but such interest may be shown to affect his credibility; and the husband or wife of either party may be a witness." But section 109 modifies the scope of section 107 as follows: "Nothing in section one hundred and seven affects the law relating to the attestation of the execution of last wills and testaments, or of any other instrument, which the law requires to be attested."

(2) Was Florence R. Johnson, at the time she witnessed the will, "beneficially interested under said will?" If she was, the will is void. We think she was manifestly so interested. Paragraph III of the will reads: "I give and bequeath to William N. Johnson, five thousand dollars and I also give to him, William N. Johnson, my homestead forever, being all the real estate I own."

Florence R. Johnson was, and is, the wife of William N. Johnson. The case does not show whether they have children or not. It makes no difference, however, with the legal aspect of the case. Yet, it is the established law of this State, since 1895, R. S., Chapter 77, that if the husband dies without issue the widow takes one-half and if with issue, one-third, by descent, of all the real estate of which the husband was seized during coverture. The moment the

real estate devised under this will vested in the husband, the statutory interest vested in his wife, and he was powerless from that time to alienate or in any way dispose of it without her consent; or by sale, without paying her the appraised value of her interest. R S., Chapter 77, Section 17.

That the wife's interest is contingent does not avail the appellant. In Castine Church, Appellant, supra, it was held: "Was Agnes T. Hooper, at the time she attested the will, 'beneficially interested' under it? She is named as a legatee, in a certain contingency. If Anstres R. Folsom, the legatee, should decease before the testatrix, Agnes was to take, otherwise not. While she did not take an absolute, certain interest under the will, it would become absolute and certain in an event which might happen . . . If the will provides a pecuniary benefit to the attesting witness, though dependent upon the happening of an event, which may happen, he has a beneficial interest under it, in contemplation of law; and if the subsequent event upon which the interest depends does not happen, that fact does not relate back and restore competence. It is important that the safeguards which the law has thrown around the execution of wills, should not be withdrawn or weakened; and to that end, a will which provides a pecuniary benefit, absolute or contingent, to a legatee, should not be witnessed by such legatee. He is interested, and therefore not credible or competent." In the case at bar the pecuniary interest of the wife is not remote and uncertain but direct and fixed upon the contingency of the husband's death.

We are unable to discover any profit to be derived from an extended review of the cases cited, as, like the case at bar, the opinions are predicated upon the interpretation of the phraseology of the particular statute under consideration. It may be proper, however, to allude to *Winslow* v. *Kimball,* 25 Maine, 492, as this case seems to be relied upon as the one Maine case presenting the logical and proper theory upon which the present case should be decided. But it will be observed by a reference to the statute there under consideration, R. S., 1841, Chapter 92, Section 5, that it was an entirely different statute from the one now before us. It reads: "All devises and legacies to a subscribing witness to a will or codicil shall be void, unless there be three other competent subscribing

witnesses to the same." The court decided, that this statute, in terms, vitiated a bequest to a witness to the will, but did not render the witness incompetent as to the rest of the will. But this is not the case at all before us. This statute making void a legacy to an attesting witness was omitted in the revision of 1857, and the witnesses were required to be "disinterested and credible." In 1857 the phraseology was changed so as to require "three credible attesting witnesses not beneficially interested under the provisions of the will." In 1883 this was condensed to read, "three credible attesting witnesses not beneficially interested under said will." The question here is whether the witness was "beneficially interested under said will" If so, then, by the terms of the present statute, such witness is incompetent and the instrument purporting to be a will becomes nugatory. The witnesses must be competent at the time of the execution of the will. R. S., Chapter 76, Section 2, Castine Church, Appellant, supra, at page 422. They cannot be competent for one purpose and incompetent for another. The statute makes no such division.

In Massachusetts, in an opinion by Grey, J., who was later the Chief Justice and also a member of the Supreme Court of the United State, in which a review is made of both the English and American decisions, this rule of interpretation is fully approved. In *Sullivan* v. *Sullivan*, 106 Mass., 474, the head note states the result of the opinion in a single sentence: ."A wife is not a competent attesting witness to a will which contains a devise to her husband." Furthermore, as was said in Castine, Appellant, we think this interpretation of the statute is in harmony with the purpose and intent of the Legislature and in accord with sound public policy. It tends to erect a safeguard against the influence of pecuniary interest, well calculated to bias the testimony of ordinary, and sometimes of very ignorant, persons, who are permitted, as witnesses to the execution of a will, to give their opinion as to the sanity and competency of the testator.

In accordance with the stipulation,

> *Judgment of the Court of*
> *Probate affirmed.*