ROLAND W. MANN et al., Trustees in Equity

*vs.*

CAROLINE A. MANN et als.

Penobscot. Opinion April 20, 1923.

*The court, under R. S., Chap. 73, Secs. 10 and 11, may, in an equitable proceeding, grant authority to the trustees of a trust created by will, to disregard the conditions of the trust, to best conserve the purpose of the testator in creating the trust, resulting from changed conditions.*

Bill in equity brought by trustees under the will of Isaac M. Bragg to obtain authority to sell and convey a part or the whole of the real estate embraced in the trust and convert the proceeds into income-bearing securities.

*Held:*

1. That this court, under R. S., Chap. 73, Secs. 10 and 11, has the power to grant the request and has exercised it in other cases.

2.  That because of the radical changes that have taken place in the property and in the surrounding conditions, the purpose of the testator in creating this trust will now be best conserved by granting the prayer of the trustees.

3.  That the changed conditions as to the Wytopitlock wild land and the Bangor real estate now warrant their sale and the reinvestment of the proceeds in sound income-bearing securities, and authority therefor is hereby granted.

On report. A bill in equity brought by testamentary trustees seeking authority to sell and convey certain real estate embraced in a trust and invest the proceeds in good securities. A hearing was had upon bill, answers and proof, and at the conclusion of the evidence, by agreement of the parties, the case was reported to the Law Court. Bill sustained. Decree in accordance with opinion.

The case is stated in the opinion.

*Howard M. Cook*, for complainants.

*Gillin & Gillin*, for respondents.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

CORNISH, C. J.  Bill in equity brought by testamentary trustees to obtain authority to sell and convey a part or the whole of the real estate embraced in the trust and convert the proceeds into income-bearing securities.

Isaac M. Bragg of Bangor died in 1891 testate, leaving a widow, Augusta H. Bragg, and two daughters, Mrs. Caroline A. Mann and Mrs. Florence E. Buzzell. In his will he left all his property, both real and personal, in trust, and directed that the net income should be divided equally between his wife and his daughters. In case of the death of either daughter, leaving issue, the issue was to take the mother's share; but if without issue such daughter's share was to be divided between the mother and the surviving daughter. Upon the death of the mother the entire net income was to go to the daughters or the survivor of them and the issue, if any, of the deceased daughter, one half to each. Upon the decease of the mother and both daughters the trust was to cease and the estate pass to his legal heirs.

The thirty-two intervening years have wrought many changes. The original trustees were the wife and the grandson, Roland W. Mann. The wife died in 1902, and the daughter, Mrs. Buzzell, was

appointed co-trustee in her place. Mrs. Buzzell died without issue on January 20, 1922, and Edward H. Harden was appointed co-trustee with Roland W. Mann in her place, and they are the plaintiffs in this bill in equity. Caroline A. Mann the sole surviving beneficiary under the trust is eighty years of age, and entirely dependent on this income for her support. The real estate embraced in the trust has also undergone many changes owing to the altered conditions, and at present the net income is entirely disproportionate to the market value of the property. It is pitifully small. A part of the property consists of wild land in two townships, the estimated value of which is about $140,000. But owing to heavy cutting of the land in years past, the taxes, the loss through trespassers, or the enforced employment of a person to prevent trespassing, the income is small. The balance of the real estate is situated in Bangor and is valued at $50,-000. The business conditions have so changed that the income from this property is far less than it was when Mr. Bragg died and the trust was created. In short the annual net income from the entire real estate is figured at $2,885 or a little more than one and one half per cent. on the total estimated value of the capital. These figures speak for themselves. The clause in the will which hampers the action of the trustees is this:

"While the trust lasts none of my real estate shall be sold or conveyed away, but the property be kept intact, the trustees to have power to sell stumpage from my timber lands and to rent other real estate to thus earn income for division as aforesaid. My trustees will keep the property well insured and in case of loss the insurance money to be expended in rebuilding or repairing, unless the trustees and other parties interested shall regard it more for the interest of the estate to sell the lot, in which case the proceeds of the sale and insurance shall be invested as capital, the income of which shall be divided as aforesaid, with other income from the estate, the trustees in such case being authorized hereby to make such conveyance."

From this restriction as to sale the trustees ask now to be relieved because of the radical changes in conditions since the testator died, and invoke the power of the court to grant authority to sell and convey the real estate, or such part as may be necessary, and reinvest the proceeds in income-bearing securities. This court clearly has this power under R. S., Chap. 73, Secs. 10 and 11, and has exercised it. *Elder* v. *Elder*, 50 Maine, 535. The object to be attained is to best

effectuate the purpose of the trust. The testator's object in the case at bar was to provide a suitable income for the beneficiaries, consistent with the proper conservation of the corpus. In case of fire in the insurable property the will itself gives the trustees the power to sell the lot and reinvest the proceeds from such sale and the insurance as capital. The changed conditions as to the Wytopitlock wild land and the Bangor real estate warrant now their sale and the reinvestment of the proceeds in sound and safe securities. The emergency contemplated by the testator has not arisen, but other emergencies not contemplated by him, and yet along the same general line, have arisen and the wise management of the trust estate now requires this sale and reinvestment both as to the Wytopitlock and Bangor properties. Such authority is hereby granted. If later it is deemed necessary to sell the timber land in No. 18, R. 12, authority can be given for that also on proper proceedings. The holding of this lot thus far has evidently increased the capital of the estate, as prices for wild land have increased rapidly during the past twenty years.

*Bill sustained.*
*Decree in accordance with*
*opinion.*