### MARY WELISKA'S CASE.

#### Hancock.   Opinion February 5, 1926.

*Under the Workmen's Compensation Act the weight and probative force of evidence in determining the facts is exclusively invested in the Industrial Accident Commission.*
   *"Dependency" must be shown in awarding compensation as it is a condition precedent.*

In the instant case the credibility of the testimony, its capacity for being believed, was one of the things to be settled before weighing it.   If the testimony has not this quality there is no occasion for weighing it.   The Commission rejected it as having no probative force.

On appeal.   On June 3, 1924, Stanley Weliska, father of claimant, while in the employ of Lincoln Pulp Wood Company, received an injury which resulted in a few hours in death.   Four years before the accident a decree of divorce had been procured by the wife of the said Stanley Weliska on her libel for utter desertion and the custody of the claimant, a child twelve years of age, was given to her mother, who subsequently remarried, and moved into another state where she continued to live, having with her, her child, the claimant, in her new home.   The only question involved in this case is that of "Dependency."   Compensation was denied and from an affirming decree an appeal was taken by claimant.   Appeal dismissed. Decree below affirmed.

The case is fully stated in the opinion.

*Peter M. MacDonald and Aretas E. Stearns,* for petitioner.

*Louis C. Stearns,* for respondent.

SITTING: WILSON, C. J., PHILBROOK, DUNN, MORRILL, STURGIS, BARNES, JJ.

DUNN, J. The net result of the record is, that the appeal from the decree denying compensation to the child of the fatally injured workman, on the ground of the lack of proof of dependency, must be dismissed.

The statute applicable appears to be ambiguous. After defining "dependents" as members of an employee's family or next of kin, whom he was sustaining either wholly or partly by his earnings when he was injured, there is, relationally to the conclusive presuming of the total dependency of children, in the case of an employee deceased, the clause following:

"(c) A child or children, including adopted and step-children under the age of eighteen years (or over said age, but physically or mentally incapacitated from earning) upon the parent with whom he is or they are living, or upon whom he is or they are dependent at the time of the death of said parent, there being no surviving dependent parent. In case there is more than one child thus dependent, the compensation shall be divided equally among them." 1921 Laws, Chapter 222.

Resolving it, that legislation, by the accepted use of language, has for one intended meaning, this: when no dependent parent is surviving a deceased employee, conclusive presumption is that the dependency of the dead man's less than eighteen year old legitimate child is entire, providing the state of the child when the parent died, and notwithstanding they were living apart from one another, was that of reliance upon him for subsistence.

"Dependency," said Chief Justice CORNISH, in words that still are living, "is a condition precedent to an award of compensation." *Henry's Case*, 124 Maine, 104. The mere receiving of assistance, on the authority of the same decision, does not of itself make the recipient a dependent. Granting that there were contributions, the yet further test for dependency is, had the accepting one necessity therefor in his life station, and were they counted on by him for his means of livelihood.

While Stanley Weliska was working regularly for, and because and out of his employment by, the Lincoln Pulp Wood Company, in the Hancock county woods, on June 3, 1924, the limb of a falling tree

accidentally struck his skull and fractured it.   He died that very day.

Four years before his wife had divorced him, for utter desertion over the three-year period immediately preceding her libel, in Oxford county.   At the same time, the one child of the marriage which met judicial dissolution, was decreed by the court in care and custody of the mother with whom she always had lived, and now is living in the mother's new marriage home in Massachusetts.   This child, aged twelve years, is the petitioner in these proceedings.   The divorced husband never remarried.   If he died leaving living parents, for anything that is shown, they are self-supporting.

At the hearing, there was but one issue, it of the petitioner's dependency, the respondent's answer raising nothing else.   *Mitchell's Case*, 121 Maine, 455; *McCollor's Case*, 122 Maine, 136.

There is evidence that the father at odd intervals, to within three or four months of the fateful day, came from Rumford or elsewhere in Maine, as the place of his employment was, to Lawrence in the other State, and meeting his child more or less slyly and clandestinely from her mother, made to the child gifts of money, the most of which has been appropriated toward, and some of which is in saving for, her maintenance.

So the child attested.   And her mother, and a neighbor witnessed similarly, but with not so much detail.

The Industrial Accident Commission, Chairman Thayer sitting, characterized the testimony as "vague and unsatisfactory."   This is taken to mean that it was dim and shadowy and failed to relieve the mind of the trier of facts from doubt or uncertainty.   No other evidence being offered on the indispensable point of dependency, the petition was denied.

Argument is for or against the proposition that, as the testimony was uncontradicted, a consenting mind ought to have received it, and on reflection found it sufficient for the awarding of compensation.

The appellant loses.

The credibility of testimony, its capacity for being believed, is one of the things to be settled before weighing it.   If the testimony has not this quality there is no occasion for weighing it.   The testimony pressed upon attention was tested and found wanting.   For probatory purpose it was as light as nothingness, in the faithful though perhaps erroneous judgment of the Commission, and hence negative decision was recorded.

That decision ended controversy.

As the compensation law is, the right to decide facts is invested exclusively in the Industrial Accident Commission, and the province of that tribunal may not be invaded by an arbitrary unauthorized court order that certain testimony must be accepted as involving both persuasion and decision. *Orff's* Case, 122 Maine, 114.

*Appeal dismissed.*
*Decree below affirmed.*