ED ROETHEMEIER ET AL., Plaintiffs in Error, v. JOHN VEITH, Defendant in Error.—108 S. W. (2d) 346.

Division One, July 30, 1937.

*Rex V. McPherson, Robert Stemmons, Rufe Scott, M. S. Ginn* and *Charles Ginn* for plaintiffs in error.

*E. C. Medlin* and *H. A. Gardner* for defendant in error.

GANTT, J.—Action originating in the probate court. The petition of the collateral heirs of Emma Veith, deceased, alleged that John Veith, husband of Emma Veith and administrator of her estate, wrongfully withheld property of her estate and converted same to his own use. He was cited to answer the written interrogatories of the collateral heirs. He answered, claiming ownership of the property. On a trial in said court the jury found that he wrongfully withheld $8284, from said estate. Judgment accordingly and he appealed to the circuit court, where the jury found in his favor. Judgment accordingly and the collateral heirs appealed. The judgment was reversed and cause remanded. [Roethemeier et al. v. Veith, 334 Mo. 1030, 69 S. W. (2d) 930.] On retrial the judgment was in favor of the husband, John Veith. The collateral heirs again appealed and assign error on the refusal of the court to direct the jury as follows:

"The Court instructs the Jury that under the law and the evidence and the pleadings in this case your verdict must be for the plaintiffs for the sum of $412.50, the same being the difference between the amount shown by the evidence and the amount claimed in the pleadings as a payment."

In 1910 John Veith married Emma Roethemeier. They had no children. In 1915 she inherited eighty acres of land from her father. In 1921 the land was sold for $8000. She was paid $1000 cash, a $4000 note secured by a deed of trust on the land, and a $3000 note secured by a deed of trust on other land. The notes were payable to Emma Veith five years after date, with six per cent interest. The $4000 note and all interest thereon was paid before the death of Emma Veith. The $3000 note was reduced by payment of all interest and payments on the principal to $1400 before her death. The balance due on the $3000 note was inventoried as property of her estate. The interest paid on the notes amounted to $2400, which, added to the principal, gives this court jurisdiction.

The husband claimed that the wife paid him the $1000 to reimburse

him for improvements on the farm. He also claimed that the wife gave him all money paid as interest and principal on the notes. On the former appeal we ruled the evidence sufficient to make a submissible case on the issue of gift. We also ruled prejudicial error on the admission of evidence on the issue of the $1000 payment for improvements on the farm. On retrial the husband only showed that he expended $592.50 on the farm. It should be noted that he did not claim the wife had given him the $1000 or any part of same. In this situation the balance of the $1000, amounting to $412.50, is not accounted for by the husband as either payment or a gift.

It follows that the judgment should be reversed and the cause remanded with directions to enter judgment requiring the husband and administrator of said estate to account for $412.50 as property of the estate. It is so ordered. All concur.