THE STATE v. WILLIAM MADOLE, Appellant.—148 S. W. (2d) 793.

Division Two, March 12, 1941.

*H. M. Atwell* for appellant.

*Roy McKittrick*, Attorney General, and *Ernest Hubbell*, Assistant Attorney General, for respondent.

LEEDY, J.—Appellant was charged by indictment returned in the Circuit Court of Johnson County at the October, 1939, Term thereof with the offense of robbery in the first degree by means of a dangerous and deadly weapon, which was alleged to have been committed on September 11, 1935. Upon a trial he was convicted and sentenced to a term of ten years in the penitentiary in accordance with the verdict of the jury. After an unavailing motion for a new trial, he appeals.

I. The point is made that the evidence is insufficient to support the verdict. Wm. Driver, the victim of the robbery, was 49 years of age and had conducted a pool hall in Holden for 24 years. He was· afflicted with arthritis and ankylosis, in consequence of which he was badly ''bent over'' and had to walk with a cane. He closed up his pool hall at about 11:00 P. M., on September 11, 1935, and started

to walk to his residence some three or four blocks distant. He was accompanied a part of the way by the night watchman. It was a bright moonlight night. After leaving the watchman, and as he proceeded alone near his home, he encountered two men on the sidewalk. He had stopped so they might pass when one of the men turned and said, "Don't hollow or move, I will shoot." Whereupon, as he testified, "This man held a gun at my back" and the one in front of him, whom he positively identified as the defendant, took from his, Driver's, pocket "between $290.00 and $300.00." There was a scuffle, and Driver was struck by something hard and he fell. The robbers escaped. Driver called for help, and assistance was forthcoming from the neighbor in front of whose house the robbery occurred. It was reported immediately to the night watchman. The prosecuting witness identified the man who held the gun at his back as one Nichols, also charged with the offense, who lived in the country nearby. Defendant lived at Eldon, but admitted that he was in Holden on the afternoon of the day in question. The defense was an alibi.

The alleged insufficiency of the evidence seems to be bottomed in large part on the proposition that Driver's identification was overcome by the testimony of defendant's alibi witnesses. It is true some of defendant's witnesses did testify that he was in the town of Windsor at the time of the commission of the alleged offense, but this merely made a question for the jury. The jury saw fit to believe the prosecuting witness, with which we are not authorized to interfere.

II. By instruction No. 7 the court told the jury that the defendant was a competent witness in his own behalf, and that it should consider his testimony in connection with the other evidence given on the trial, but that in determining what weight to be given to the defendant's testimony, the jury might take into consideration the fact that he is the defendant on trial and interested in the result of the prosecution.

For a long time it has been held that the giving of such an instruction constitutes reversible error. [State v. Finkelstein, 269 Mo. 612, 191 S. W. 1002; State v. Sparks (Mo.), 195 S. W. 1031; State v. Craft (Mo.), 246 S. W. 930; State v. Stallings, 334 Mo. 1, 64 S. W. (2d) 643.] If the point has been preserved for review, it is tacitly conceded that the judgment in this case must be reversed and the cause remanded. The defendant excepted to the giving of this instruction, and, in the motion for new trial, assigned the same as error for the reason, among others, that it "singles out the testimony of defendant *as to his credibility.*" (Italics ours.) This assignment, the State asserts, preserves nothing for review in that it "attacks singling out testimony only *as to credibility;*" whereas the instruction says nothing about credibility, but limits its application to the weight of defendant's testimony. We agree with respondent's contention

that credibility means capacity for being believed or credited at all, and that weight of evidence means its weight in probative value. Nevertheless, the credibility of testimony, i. e., its capacity for being believed, must be settled before weighing it, since there is no occasion for weighing it if it has not this quality. [Weliska's Case, 131 Atl. 860, 125 Me. 147, 10 Words and Phrases (Perm. Ed.), 337.] Moreover, the very statute rendering defendants in criminal cases competent as witnesses provides that when a defendant does offer himself as a witness the fact he is the defendant "may be shown for the purpose of affecting the *credibility* of such witness." (Italics ours.) [Section 3692, R. S. 1929, Mo. Stat. Ann., sec. 3692, p. 3242.] We think the assignment sufficient, and, under the authorities, supra, the giving of the instruction must be held reversible error.

Other errors have been assigned, but they relate to matters not likely to recur upon another trial, and for that reason will not be discussed. The form of allocution is defective and irregular in the respects pointed out in State v. Long, 341 Mo. 706, 108 S. W. (2d) 388. The plain requirement of the statute, Section 3713, Revised Statutes 1929 (Mo. Stat. Ann., sec. 3713, p. 3263) is that when the defendant appears for judgment "he must be informed by the court of the verdict of the jury." The record should show the facts rather than state the conclusion that defendant was "accorded allocution." The transcript of the record in this case has been twice corrected: Once so as to include a copy of the indictment, and the record entry that it was duly returned, and in another instance to show the swearing of the jury. Even in its amended form it fails to show arraignment and plea of not guilty.

For the error noted in giving instruction No. 7, the judgment is reversed and the cause remanded. All concur.