ISABEL D. CASSIDY, GUARDIAN, ET AL.

*vs.*

EDWARD P. MURRAY, TRUSTEE, ET AL.

Penobscot.    Opinion, September 15, 1949.

*John H. Needham,* for plaintiffs.

*Pilot and Collins,* for defendants.

*Frank G. Fellows,*
        for guardian *ad litem* for persons unborn.

SITTING: MURCHIE, C. J., THAXTER, NULTY, WILLIAMSON, JJ.

THAXTER, J. This is a Bill in Equity seeking a certain construction of the will of John Cassidy who died testate March 26, 1918. It is brought by four of his grandchildren, who are the children of his son, John F. Cassidy, who died intestate in 1939.

The point in issue is whether under the will as modified by the codicils each of said grandchildren is entitled to be paid out of the income of the trust fund established by the will an annual income of not exceeding ten thousand dollars annually, or whether the said grandchildren must share as a class in a sum not exceeding ten thousand dollars. If the latter should be held to be the correct construction, the court is asked to order the trustees to pay certain additional amounts to the plaintiffs beyond a proportion of said ten thousand dollars in order to compensate them for certain hardships and exigencies which are set forth in the bill. This in effect would be asking the court to authorize a deviation from the express provisions of the will.

All other parties in interest have been joined as defendants in the bill.

The essential part of the will which has been presented to us for construction reads as follows:

"During the continuance of this Trust, the Trustees of my estate shall provide for the comfortable support and maintenance of each of my five children, James W. Cassidy, Mary A. Cassidy, Rosella Cassidy, John F. Cassidy and Lucy C. Cassidy, during the life of each of them and at the decease of each of them, then of the lineal descendants together if any, of each of them to an amount not exceeding for each child, or for all the lineal descendants, if any of each child, ten thousand dollars per year, beginning at the time of my decease. And upon the decease of each of my said five children, leaving no lineal descendants living at the time of the death of each of them, then said payment of a sum not exceeding ten thousand dollars per year, as aforesaid, for each shall immediately cease."

It is clear that it was the intention of the testator that the children of a deceased child should take as a class only the share to which their parent was entitled. What else could the words mean which apply to his children and their descendants "during the life of each of them and at the decease of each of them, then of the lineal descendants together if any, of each of them to an amount not exceeding for each child, or for all the lineal descendants, if any of each child, ten thousand dollars per year . . ."?

It is the intention of the testator which must prevail in the construction of a will. But that intention must be found from the language of the will read as a whole illumined in cases of doubt by the light of the circumstances surrounding its making. *Lord* v. *Bourne*, 63 Me. 368; 18 Am. Rep. 234; *Nash* v. *Simpson*, 78 Me. 142; 3 A. 53; *Davis* v. *Callahan*, 78 Me. 313; 5 A. 73; *Bryant* v. *Bryant, et als.*, 129 Me. 251; 151 A. 429.

In this case the language used is perfectly clear. The words above quoted taken by themselves leave no doubt of the testator's purpose and they are consistent with the will when read as a whole. Under such circumstances it is unnecessary, even if it would be proper, to seek further light from extrinsic circumstances.

Such being the case, the plaintiffs ask the court to authorize the trustees to deviate from the terms of the will.

Deviation from the exact provisions of a will has been permitted in some instances; but this has been where a change has been necessary to carry out the avowed purpose which the testator had in mind, and customarily applies only to the methods and means which the testator has prescribed for carrying out his intent, which methods and means changed conditions have shown to be inappropriate to carry out his purpose. The court is without power to modify the primary end which the testator sought to attain, but will go a long way in an effort to carry it out. *Elder* v.

*Elder,* 50 Me. 535; *Mann* v. *Mann,* 122 Me. 468; 120 A. 541; *Porter et al* v. *Porter et al,* 138 Me. 1; 20 A. (2nd) 465.

How do these simple and fundamental principles apply to the case before us?

It is because of changed conditions, which it is alleged result in hardship to them, that the plaintiffs seek to support their claim that this court can modify this will. As we read the will, we conclude that this testator was a reasonably wise and certainly a very practical man. That this court could now perhaps make a better will for him than he made for himself is altogether beside the point. He knew his own family and he had the right to solve his own problems in his own way. It was his property that he was disposing of. By his first codicil he materially raised the amount of the share given to each child and he was unquestionably within his rights in providing that on the death of a child the distribution should be *per stirpes.* He knew that during the period for which the trust would continue conditions in the world would not remain static. They never had over such a contemplated length of time. That he did not foresee the violence of the change, the coming of two wars, and the onset of the industrial revolution through which all of us have lived is of no consequence. He provided each of his children and the issue of a deceased child with a generous income expressly limited to $10,000, and with the benefit of that backlog committed them to the same happenings of time and chance which have been the fate of all of us. If the court is empowered because of these changed conditions to rewrite this will, it will have to do the same to a great many others where beneficiaries have been adversely affected by the conditions of a changed world. The government of necessity has restricted many of the rights and privileges which we enjoyed four decades ago, but it still permits us to write our own wills.

The ruling of the sitting justice in dismissing the bill was correct. In view of the fact that it is in the interest of all

the heirs of this estate that the issue raised by this bill in equity should be definitely settled, we feel that it is proper that the costs of this litigation with reasonable counsel fees for all counsel should be paid from the trust estate, the funds being ample for that purpose.

*Appeal dismissed.*

*Bill dismissed with costs.*

*Sitting justice directed to fix reasonable counsel fees for all parties to which shall be added amounts for necessary disbursements, all of which sums including costs shall be paid by the trustees and allowed in their account.*