GUY E. FLAGG

*vs.*

AGNES T. DAVIS ET AL.

Androscoggin.   Opinion, September 17, 1951.

*John A. Platz,* for plaintiff.

*Berman & Berman,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

NULTY, J.   This proceeding comes before us on defendants' appeal from a final decree of the Supreme Judicial Court in Equity for the County of Androscoggin sustaining the bill in equity and ordering specific performance by the defendants.   The litigation was developed by a bill in equity which prayed for specific performance for what is alleged to be a contract to convey real estate.   The written docu-

ment, specific performance of which is sought by the plaintiff from the defendants, reads as follows (omitting a portion of the description of the real estate) :

"Memorandum of agreement by and between Agnes T. Davis, Benj. L. Davis, Melvin J. Davis, Elizabeth J. Davis, Mildred T. Finn, F. Wallace Finn, Ethel L. Davis, Emma D. Harris, Agnes I. Davis and Charles H. Harris, of Webster, County of Androscoggin, State of Maine and Guy E. Flagg of Auburn, Maine, same County and State, and, or his assigns.

"The above named heirs of Lee W. Davis agree to sell to Guy E. Flagg or his assigns all of the land located in Lewiston on Pleasant Street and Mitchell Road — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — —.

"Upon tender to him of a Warranty Deed of said premises free and clear of all incumbrances, the said Guy E. Flagg agrees to pay said Lee W. Davis heirs, the sum of Six Thousand ($6000.00) on or before October 1, 1949.

"Dated at Lewiston this 3rd day of September 1949.

SIGNED

We extend this
option for 10 days
Melvin J. Davis

Agnes T. Davis Exec
Benjamin L. Davis
Melvin J. Davis
Agnes I. Davis
Elizabeth J. Davis
Mildred T. Finn
F. Wallace Finn
Ethel L. Davis
Emma D. Harris
Charles H. Harris
Guy E. Flagg."

It came before the court below on bill, answer, replication and proofs, the answer being a complete denial of the alle-

gations of the bill. From the factual findings of the court below and from the decree thereon it appears that the real estate in question was owned by the defendants and embraced forty-four (44) acres of land, more or less, in Lewiston, Androscoggin County, Maine. The sitting justice found from the testimony and the written contract that the plaintiff offered to pay the defendants $6,000.00 for the land upon tender of a deed to the plaintiff or his assigns on or before October 1, 1949, which contract the sitting justice finds by mutual agreement was extended for ten days by an endorsement made by the active agent of the defendants on the original contract set forth herein, and that defendants never, at any time, tendered to the plaintiff or his representative a fully executed warranty deed of the premises which the written contract required, although prior to the expiration of the extended period of time called for by the written contract, defendants informed Frank W. Linnell, an attorney who the plaintiff claimed to the defendants was to act as the conduit through whom the transaction was to be completed, that they were not going to tender a deed, and, in the words of the witness, "- - - he was not going through with it." The sitting justice also found as a fact that the plaintiff expected to find a customer who would provide the funds to carry out the transaction and that the plaintiff did not have funds of his own to fulfill the contract terms. It is conclusively shown that the defendants knew and understood that by the terms of the written contract they were obliged to offer plaintiff a deed complying with the terms of the written contract. After the verbal repudiation to Linnell by the defendants' active agent and prior to the expiration of the final date for the tender of the deed the defendants undertook negotiations with third parties for the sale of the real estate described in the written contract dated September 3, 1949, as extended. After the expiration of the final date indicated for the tender of the deed, Linnell at the request of the plaintiff, called the active agent for the

defendants and notified him that the purchase price called for by the written contract was available and that the plaintiff was ready to complete the transaction. The agent for the defendants informed Linnell that the property had been sold, but later the same day again offered the property to the plaintiff for an increased price. It was developed in testimony and found by the sitting justice that a third party, through the activities of the plaintiff subsequent to the time limitation of the contract, had agreed to buy the property and had deposited the full purchase price, which was in excess of the contract price, with Linnell who, as before stated, was to act as conduit. The defendants, through their attorney, refused to give a deed and shortly thereafterwards the bill in equity for specific performance was instituted.

Under our law an equity appeal is heard anew on the record. See *Cassidy* v. *Murray*, 144 Me. 326, 74 A. (2nd) 230; *Sears, Roebuck & Co.* v. *City of Portland*, 144 Me. 250, 68 A. (2nd) 12, 16. We said in *Cassidy* v. *Murray, supra*, in speaking of equity appeals:

> "(2) Revised Statutes (1944) Chap. 95, Sec. 21, in part directs with respect to equity appeals and the duty of the Law Court therein: 'and shall on such appeal, affirm, reverse, or modify the decree of the court below, or remand the cause for further proceedings, as it deems proper.' Our court has held that findings of fact by the justice below will be conclusive unless clearly wrong and the burden is on the appellant to prove it. Young v. Witham, 75 Me. 536, Paul v. Frye, 80 Me. 26, 12 A.

> 544. Our court also said in Leighton v. Leighton, 91 Me. 593, 603, 40 A. 671, 675, speaking of findings of fact: 'Such is the general rule, but it does not necessarily require proof beyond a reasonable doubt. And sometimes circumstances and conditions are to be considered which prevent the rule applying so literally as it otherwise would.'

"In Sears, Roebuck & Co. v. City of Portland, supra, we said (speaking of finding of fact) : 'This rule does not mean that the findings of fact of the Justice below will not be reversed on appeal unless such findings constitute error in law. They may be disregarded on an appeal when clearly wrong.' "

There was a very lengthy hearing in this matter as shown by the transcript of the record, which approximates two hundred eighty typewritten pages. Sitting as an appellate court, we are very conscious of the principle which requires no further citation of authorities that the decision of any fact by the court below should not be overruled by the appellate court unless the appellate court is clearly convinced of its incorrectness, the burden being on the appealing party to prove the error, one of the main reasons for support of that principle being that one who sees and hears the witnesses is in a more favorable position to better judge of their credibility than others who merely review the printed testimony, but it, however, sometimes happens that a hurried examination of a long and complicated case by the court below may not be so satisfactory as a deliberate reexamination of the case on appeal with the aid of a printed record. See *Leighton* v. *Leighton, supra.*

In examining conflicting testimony in order to determine whether or not there is credible evidence to support the findings of a sitting justice, it is well to bear in mind that the word "credible" under common law means competent. See *Clark et al., Aplts.,* 114 Me. 105, 106, 95 A. 517. *Black's Law Dictionary,* Third Edition, Page 475, defines a credible witness as "one who is competent to give evidence" and "one who is worthy of belief" and defines credibility as "Worthiness of belief; that quality in a witness which renders his evidence worthy of belief." *Bouvier's Law Dictionary* (unabridged), Rawle's Third Revision, Vol. I, Page 725, defines a credible witness as "One who, being competent to give evidence, is worthy of belief. *Amory* v. *Fellowes,* 5 Mass.

229; - - -." We said in *Weliska's Case*, 125 Me. 147, 149, 131 A. 860, speaking of credibility of testimony:

> "The credibility of testimony, its capacity for being believed, is one of the things to be settled before weighing it. If the testimony has not this quality there is no occasion for weighing it. - - - - - For probatory purpose it was as light as nothingness, - - -."

With these principles in mind, we have very carefully examined the record, which is voluminous and at times conflicting, and in many places there appears to be gross inaccuracies of what ordinarily would or should be credible testimony as to the facts in the instant case, and when we intimate that they are inaccuracies we put it mildly, and they were not all confined to one of the parties to the litigation. We, therefore, feel that the evidence is not full, clear and convincing in that from the record it is impossible for us to determine just where the truth lies, or, to put it another way, we are unable to determine from the record which part or parts of the evidence adduced can be said to be credible and, therefore, convincing and worthy of belief.

The sitting justice finds that the original contract dated September 3, 1949, was extended by "mutual agreement." It is true that the active agent of the defendants signed the alleged extension as it appears on the original contract, but when the evidence is carefully examined the reasons given by the plaintiff and defendants are in sharp conflict. The plaintiff, in stating his version of the facts relating to the alleged extension states, among other reasons, that the defendants asked for time to secure signatures on the deed which had been drafted at his request. It should be noted that the deed did not contain the name of any grantee and was ordered and furnished by the plaintiff. The active agent of the defendants testifies that the plaintiff asked for further time in order to get the money to pay the purchase

price. As a matter of fact the entire record, when carefully examined and considered, is convincing that the plaintiff at no time during the contract term or the alleged extension thereof ever had the money with which to pay the agreed purchase price provided in the contract if the deed was tendered to him by the defendants, and the evidence is equally convincing, when carefully examined, that it was only after the contract and the alleged extension thereof had expired was the plaintiff in a position to pay said purchase price.

There is another conflict in testimony which is extremely difficult to reconcile with any of the existing facts. A careful reading of the evidence discloses that the defendants, through their active agent, attempted to repudiate the contract which fact may have had some bearing in the decision of the sitting justice below. The record shows that the plaintiff apparently had no knowledge of this so-called repudiation but it is clear that when the plaintiff was confronted with testimony that he met the active agent of the defendants on October 10, 1949, which was one day before the alleged extension expired, he then tries to place himself in a hospital and also testifies that he had an entirely different car when he and the defendants' active agent met on that day in front of the Lewiston Post Office. The evidence concerning that meeting is not credible evidence from any point of view and the credibility of that evidence is not necessarily confined to the plaintiff's side of the story. In other words, the entire evidence, taken as a whole, fails to support the plaintiff's allegations for it is not full, clear and convincing and worthy of belief. In our opinion the plaintiff has failed to sustain the burden of proof because the testimony of the plaintiff, under the circumstances and conditions that appear to exist according to the record, is not credible. We, therefore, as an appellate court, feel that any further analysis of the evidence would be of no particular

value and, as we said in *Sears, Roebuck & Co.* v. *City of Portland, supra,* speaking of findings of fact:

> "They may be disregarded on an appeal when clearly wrong."

We also said in *Fall* v. *Fall,* 107 Me. 539, 81 A. 865, which was an action relating to the enforcement of a constructive trust in a parcel of land:

> "We are of the opinion that complainant does not support his bill of complaint by full, clear and convincing evidence. The conscience of the court is not satisfied that the allegations are sustained. - - -"

It is the opinion of this court that on the record the allegations of the bill are not sustained and it follows, therefore, that the decree of the court below granting specific performance was error and the mandate will be

> *Appeal sustained. Remanded to the court below for entry of a decree dismissing the bill for specific performance.*