**Horace K. SOWLES, Jr.**

v.

**Philip BEAUMIER, Jr.**

Supreme Judicial Court of Maine.

March 20, 1967.

James R. Flaker, and Bruce E. Leddy, Portland, for plaintiff.

Joseph E. Brennan, Ronald L. Kellam, Portland, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

WEATHERBEE, Justice.

On appeal. The defendant has appealed from the decree of a single justice who made certain findings as to the location of the common boundary line between the property of the plaintiff and that of the defendant, the location of a right of way and the respective rights of the two parties in that right of way. The justice also ordered a permanent injunction to issue against each party prohibiting each from obstructing the use of the right of way by the other.

It is the actual location on the earth of this right of way that is the basis of the dispute between the parties.

The plaintiff commenced this action alleging his title in fee, admitting the defendant's right of way to pass and repass over the 10 foot strip and claiming that the defendant on several occasions erected barriers of various sorts across the right of way obstructing plaintiff's use of it. The plaintiff alleged that he did not have an adequate remedy at law and asked injunctive relief.

The defendant answered, disputing plaintiff's claim as to the location of their common boundary and the right of way, denying that he had disseized the plaintiff and alleging that the plaintiff has an adequate remedy at law. The defendant then went on to counterclaim, alleging that the plaintiff has interfered with his use of the right

of way and he, too, asked injunctive relief. The justice heard testimony over two days' time, viewed the property in question and after making findings as to the location of the right of way, enjoined both plaintiff and defendant from interfering with each other's use of it. The defendant's points on appeal are not precise and allege only generally errors by the single justice in fact and law.

 Although it was not claimed in his designation of points on appeal, it was argued here by the defendant that the location of boundary lines could not properly be decided in an action sounding in equity. It is true that traditionally equity would not take jurisdiction where the only issue to be determined is the location of boundary lines. York v. McCausland, 130 Me. 245, 252, 154 A. 780, 782. Since *York*, however, the adoption of M.R.C.P., Rule 2, has merged law and equity procedurally and there is no objection to the determination of boundary lines by a single justice in a civil action in which relief of an equitable nature is also sought. Since then, also, the Legislature has given a single justice of this Court jurisdiction to hear and determine " * * * any issue in a civil action in the Superior Court as to which the parties have no right to trial by jury or in which the right to trial by jury has been waived, except actions for divorce or annulment." · 4 M.R.S.A. § 105. The defendant did not ask that the traditionally legal issue of boundary location be decided by a jury but chose to proceed to trial before the single justice. He thus waived trial by jury.

 The single justice below made findings of fact as to the locations of the right of way and of the northerly boundary of plaintiff's property. His findings of fact will be conclusive if they are supported by credible evidence and the appellant has the burden of satisfying this Court that his rulings and findings were clearly wrong. Laskey et al. v. L. L. Manchester Drive-In, Me., 216 A.2d 310, 314; Flagg v. Davis et al., 147 Me. 71, 74, 83 A.2d 319, 321; Dutch v. Scribner, 151 Me. 354, 355, 118 A.2d 887, 888.

In 1867 Henrietta Bailey became the grantee of a parcel of land in Portland situated between the easterly line of Forest Avenue and the westerly line of the railroad right of way. That same day she deeded out of it a parcel on Forest Avenue (the defendant's lot) and later that day another parcel extending from the defendant's lot to the railroad (part of the back lot all of which is now owned by plaintiff). She retained title to a strip of land 10 feet wide and 136½ feet long extending from Forest Avenue to the back lot along the southerly line of the defendant's lot but gave the grantee of defendant's lot and the back lot the right to use this as a right of way in common with her and her heirs and assigns. Later another lot on Forest Avenue (the Monighetti lot) was conveyed from this lot. The plaintiff now owns in fee the 10 foot right of way strip and another lot adjoining it and the back lot on the south.

The exact location of this right of way on the face of the earth is made uncertain by the fact that neither the deed to Mrs. Bailey nor any of her deeds of the portions of her property use in their descriptions any monuments which can be located at the present time except as the lines of Forest Avenue and the railroad right of way are monuments. The north and south boundaries are recited to be the lines of other parcels.

The plaintiff presented as a witness a qualified and experienced surveyor, Mr. McGonigle, who had surveyed the disputed area and who presented a plan, which is plaintiff's Exhibit 1, showing the work that he had done in 1959 and in 1965. He described to the court the manner in which he had surveyed the property, his use of posts which he had found set in the earth, the evidences of use that he found on the ground and explained the basis for his conclusions as to the location of the right of way. He fixed this as being very largely

the same area that the present driveway occupies. The defendant's surveyor disputed some of the reasoning by which Mr. McGonigle had arrived at his conclusions.

Two witnesses, who were familiar with the location of the driveway as it was used by the occupants in the past (one having used it for 17 or 18 years beginning in 1941) testified that the easterly end has been in about the same area as it occupied at time of trial, passing very close to a large elm tree at the rear of defendant's lot, and photographs were introduced as exhibits which showed the proximity of the driveway to the tree.

Neither the theory of the plaintiff nor of the defendant give completely indisputable reconciliation of all the courses and distances described in the various deeds with each other and with the evidence on the surface of the earth, and the weight to be given to the opinions of the surveyors was for the single justice. The credibility of witnesses as to usage was in issue. The single justice below heard the testimony and had the benefit of a view of the premises. He accepted Mr. McGonigle's location of the right of way and of plaintiff's northerly line as shown on plaintiff's Exhibit 1. There was credible evidence to support his determination. The appellant has not satisfied us that the justice's rulings and findings were clearly wrong.

The entry will be:

Appeal denied.

TAPLEY, J., did not sit.